TUILEFANO M. VAELA`A, et al. Petitioners,

v.

TOETOGATA ALBERT MAILO,
Attorney General of American Samoa, Respondent.

High Court of American Samoa
Trial Division

CA No. 71-99

October 12, 1999

Before KRUSE, Chief Justice, LOGOAI, Associate Justice, SAGAPOLUTELE, Associate Justice.

Counsel: For Petitioners, Brian M. Thompson
For Respondent, Fiti A. Sunia, Assistant Attorney General

On July 15, 1999, petitioners, comprising the members of the Immigration Board of American Samoa (the "Board"), filed a petition for declaratory relief against respondent, the Attorney General of American Samoa (the "Attorney General"). The Board alleged, *inter alia*, that the Attorney General's legal interpretation of the immigration laws is incorrect, and asked the court to declare that aliens employed by the American Samoan Government must obtain the Board's approval in order to remain in American Samoa.

The Attorney General has moved to dismiss the Board's petition arguing that that the court does not have subject matter jurisdiction. The Attorney General characterizes its dispute with the Board as a disagreement between an attorney and its client, and therefore argues that petitioner is seeking a nonjusticiable advisory opinion.

■ The court has jurisdiction only over actual cases or controversies. In a declaratory relief action, the parties must have "adverse legal interests of sufficient immediacy and reality to warrant issuance of a declaratory judgment." A.S.C.A. § 43.1101; *Sala v. American Samoa Government*, 21 A.S.R.2d 50, 56 (1992). In making its determination, the court considers the likelihood that litigation will eventually follow if declaratory relief is not granted. *Sala, supra,* 21 A.S.R.2d at 56.

■ In an attorney-client relationship, the attorney advises the client, but it is the client that makes the ultimate decisions on how to proceed. *See* MODEL RULES OF PROFESSIONAL CONDUCT Rule 1.2(a); BNA/ABA LAWYER'S MANUAL ON PROFESSIONAL CONDUCT, *Lawyer-Client Relationship*, at 31:301-303 (1985). As a result, when the Attorney General acts as counsel to an administrative agency, the agency has discretion as to whether or not to adopt the Attorney General's opinion. 2 AM. JUR. 2D, *Administrative Law* § 11 (1994).

■ Here, in contrast, the Attorney General has the legal authority to prevent the Board from acting because it has the power to enforce and administer the laws pertaining to the status of aliens. A.S.C.A. § 41.0206. Its determination with respect to all immigration law is controlling. A.S.C.A. §§ 41.0206, 41.0614; *American Samoa Government v. Falefatu*, 17 A.S.R.2d 114, 137 (1990). As a result, the Attorney General did not act in its capacity as the Board's attorney when it interpreted the Immigration Act as exempting American Samoa Government employees from Immigration Board approval and registration. A decision by this court would therefore not be advisory.

■ Although litigation may not ensue between the parties if this court does not provide declaratory relief, there is nonetheless a controversy

between the parties. The Immigration Board followed the Attorney General's interpretation of the law, as it was legally required to do under A.S.C.A. § 41.0206, and canceled deportation hearings despite its belief that the Attorney General's interpretation of the law was incorrect. There is a sufficient adverse interest between the parties for the court to determine whether or not the Immigration Board must approve aliens employed by the American Samoa Government before they may enter American Samoa.

The motion to dismiss is, therefore, denied.

A hearing on the merits will be held on December 2, 1999.

It is so ordered.